1  Philip D. Dapeer (State Bar No. 53378)
   PHILIP D. DAPEER
2  A Law Corporation
   699 Hampshire Road, Suite 105
3  Westlake Village, CA 91361-2379

4  Tel: (323) 954-9144 • Facsimile: (323) 954-0457

5  Attorney for Plaintiff

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11
   OLEG LIKHAREV,                    )  Case No. CV 08-1581 PA [FFMx]
12                                    )
                  Plaintiff(s),       )  **EX PARTE APPLICATION**
13                                    )  **FOR ORDER PERMITTING**
   v.                                 )  **SERVICE BY MAIL**
14                                    )
   TAMARA LIKHAREV and A.G.           )  DATE: Not set
15 EDWARDS, a Division of Wachovia    )  TIME:  Not set
   Securities, LLC                    )  COURTROOM: Not set
16                                    )
                  Defendant(s).       )
17 _____ )
                                      )
18

19

20 TO THE COURT:

21

22      Plaintiff Oleg Likharev, by his attorneys of record in this case, submits the

23 following ex parte application for order permitting service of summons and

24 complaint by mail on defendant Tamara Likharev.

25

26      This ex parte application is based upon this notice, the accompanying

27 declaration and memorandum of points and authorities, the pleadings, records and

28 files in this case and such oral and documentary evidence as may be presented at

---

**EX PARTE APPLICATION**

C:\Documents and Settings\Philip Dapeer\My Documents\EXPARTE_PERMIT_SERVICE_1581.WPD                    1

1   any hearing on the application as ordered by the court.

2

3       This application is brought pursuant to Federal Rules of Civil Procedure,

4   Rule 4(f)(2)©. And 4(f)(3).

5

6       Notice of this ex parte application has been sent by facsimile

7   communication to defendant's foreign counsel and to counsel for defendant A.G.

8   Edwards. .

9

10

11   DATED:  March 12, 2008             PHILIP D. DAPEER,
                            A law corporation

12

13                      By: _____

14                            Philip D. Dapeer,
                            Attorney for plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**EX PARTE APPLICATION**

## DECLARATION OF PHILIP D. DAPEER

1

2

3      I, Philip D. Dapeer, declare:

4

5      1.      I am an attorney duly admitted to practice law in the State of

6   California and before this court. I am the principal in the law firm Philip D.

7   Dapeer, a law corporation, attorney for plaintiff Oleg Likharev.

8

9      2.      In such capacity I have personal knowledge of the facts set forth in

10   this declaration and if called and sworn as a witness could and would competently

11   testify thereto.

12

13      3.      I give this declaration in support of plaintiff's within ex parte

14   application for order permitting service on defendant Tamara Likharev, a foreign

15   national, by mail.

16

17      4.      This action concerns a dispute between plaintiff and his former

18   spouse, defendant Tamara Likharev, over the ownership of a brokerage account

19   held by defendant A.G. Edwards, a subsidiary of Wachovia Securities, LLC.

20

21      5.      Based upon a letter received by the defendant broker from defendant

22   Tamara Likharev's foreign attorney, the brokerage account holder has restricted

23   access to the account by both plaintiff and his former spouse.  A copy of the letter

24   that was apparanelty sent by defendant's Russian Federation counsel directly to

25   defendant A.G. Edwards is attached hereto, marked exhibit "A" and incorporated

26   herein by this reference.

27

28      6.      Based upon the adverse claims asserted by defendant Tamara

1    Likharev to the brokerage account, plaintiff initiated this action in the nature of

2    interpleader.  Defendant A.G. Edwards has agreed to constructive interpleader of

3    the account, and has negotiated a proposed stipulation with declarant, on behalf of

4    the plaintiff.  A copy of that stipulation is attached hereto, marked exhibit "B" and

5    incorporated herein by this reference.

6

7         7.    Declarant has undertaken the process of having the summons and

8    complaint served on defendant Tamara Likharev.  It is clear from exhibit "A" that

9    she asserts an ownership interest in a brokerage depository account located in the

10   State of California.  Plaintiff resides in the county of Riverside, State of California.

11   Defendant A.G. Edwards, a division of Wachovia Securities, LLC, maintains its

12   principal place of business in St. Louis, Missouri.

13

14        8.    Declarant has consulted with the internet website for the United

15   States Department of State.  The Russian Federation is signatory to the Hague

16   Convention on service abroad of judicial and extra judicial documents in

17   commercial matters.  However, declarant has learned that because of disputes

18   existing between the United States Department of State and the Russia Federation

19   regarding the implementation of the Hague Convention, the Russian Federation is

20   not acknowledging or acting upon any request for service of process pursuant to

21   the terms and conditions of the Hague convention.

22

23        9.    Declarant has consulted with the firm Legal Language Services,

24   which firm specializes in effecting service of process in foreign countries pursuant

25   to the Hague Convention.   Declarant has learned from Ms. Kara La Forge, the

26   person in charge of Hague Convention compliance for Legal Language Services,

27   that it is not presently possible to accomplish service of process by the means

28   established by the Hague Convention because the Hague Convention is not

1   honored in the Russian Republic although the Russian Republic is a signatory to
2   the Hague Convention. That firm recommends service by mail  In fact, the internet
3   website for the United States Department of State indicates that the Russian
4   Federation has not established a Central Authority for the processing of the Hague
5   Convention request.  Attached hereto, marked exhibit "C" and incorporated herein
6   by this reference, is a copy of the Hague Convention circular that is available on
7   the website of the United States Department of State.  Page 16 notes that the
8   Russian Federation has not established a Central Authority for the processing of
9   the Hague Convention requests.

10

11      10.   For the forgoing reasons, plaintiff respectfully requests that this court
12   approve service of process by mail to either the named defendant Tamara Likharev
13   at her last known address or to her attorney, which means of service plaintiff
14   contends will be reasonably calculated to give notice to the person served,
15   particularly in light of the fact that defendant Likharev has retained counsel and
16   asserts and interest in a deposit account, located in the State of California, against
17   which she, through her attorney, has made an adverse demand on defendant A.G.
18   Edwards.

19

20      Executed at Westlake Village, California this $\underline{12}$  day of March, 2008.

21

22      I declare under penalty of perjury that the foregoing is true and correct.

23

24      _____
        Philip D. Dapeer
25

26

27

28

---

**EX PARTE APPLICATION**

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    ABSENT INTERNATIONAL AUTHORITY, SERVICE MAY
GENERALLY BE MADE BY PERSONAL DELIVERY OR BY
MAIL.

If there is no internationally agreed method of service, or if the applicable international agreement is unavailable because it will not be implemented so as to allow service of process in accordance with its provisions, a plaintiff may serve an individual defendant in a foreign country by personal delivery by copy of a summons and complaint on the individual defendant or by having the clerk of the court mail a copy of the summons and complaint to the individual defendant by any form of mail requiring a signed receipt. Federal Rules of Civil Procedure, 4(f)(2)(C).

In this case, service by mail is a method that will be reasonably calculated to give notice to the person served and the Hague Convention does not prohibit the manner of service that plaintiff seeks to employ in this case.

Further, if there is no internationally agreed means of service or if the applicable international agreement is not enforced or is otherwise unavailable, a plaintiff may apply to the court and receive an order authorizing service on an individual defendant in a foreign county by any means not prohibited by international agreement. See Federal Rules of Civil Procedure, 4(f)(3).

The Hague Convention, far from prohibiting many kinds of service, actually authorizes special forms of service in case of urgency if conventional methods will not permit timely service on a defendant. Circumstances that might justify the use

1   of additional methods include the failure of the Central Authority of the foreign

2   county to effect service within the six month period provided by the convention or

3   the refusal of the Central Authority to serve a complaint in the first place.  In those

4   types of cases, the court may direct a special method of service not explicitly

5   authorized by international agreement, but not prohibited by it either.  Here,

6   according to the State Department website, the Russian Federation has yet to

7   establish a Central Authority for the processing of requests for service under the

8   Hague Convention.  Under the circumstances, this court should approve service by

9   means of mail to the defendant her last known address or the address of her

10  counsel as disclosed in exhibit "A" to the moving declaration of this application. It

11  should be noted that defendant's counsel in the Russian Federation appears to be

12  fluent in English.

13

14      Service of process under Rule 4(f)(3) is neither a "last resort" nor

15  extraordinary relief. It is merely one means among several that enables service of

16  process on an international defendant.  See *Rio Prop., Inc. v. Rio Int'l Interlink*,

17  284 Fed.3d 1007, 1015 [9[th] Cir. 2002].  Alternative service of process under Rule

18  4(f)(3) is available without first attempting service by other means.  In case of

19  urgency, Rule 4(f)(3) will allow the district court to order a special method of

20  service, even if other methods of service remain incomplete or unattempted.

21

22

23  DATED:  March 12, 2008                    PHILIP D. DAPEER,
                                               A law corporation
24

25                                        By: _____
                                               Philip D. Dapeer,
26                                             Attorney for plaintiff

27

28

---

**EX PARTE APPLICATION**

COPY

The Chamber of Attorneys of Nizhny Novgorod region

## Non-Commercial Organization
### The Bar of Nizhny Novgorod № 3

9, Tkachev Lane, Nizhny Novgorod 603006
tel. 18-23-41

№ 85

December 04, 2007

### A.G. EDWARDS & SONS, INC.

Attn:       David T. Trumble

1099 D Street
Suite 105
San Rafael, CA 94901-2829

From       V.E. Stepanova
Attorney of the Bar of Nizhny Novgorod № 3

Address: 104, Ilyinskaya St., Office 103
Nizhny Novgorod, Russian Federation
603000

Dear Mr. Trumble,

As I represent the interests of Likhareva Tamara Fedorovna I hereby advise that on November 26, 2007 the Justice of the Peace of Court Division № 3, Nizhegorodsky District, Nizhny Novgorod, issued the determination under which the Judge has imposed a ban on commanding the finance deposited on "joint account" № 323-063-737 JAA/4110-7212 with A.G. EDWARDS & SONS.ONC (Edwards and Sons), 1099, office 105, D St., San Rafael, California, the United States of America.

Based on the Determination there was issued Writ of Execution № 2-2383/2007 dd November 26, 2007. In compliance with the said Writ the said ban on the commanding of the finance shall be subject to the immediate execution.

We also inform you that since November 26, 2007 the Court prohibited to draw out funds from joint account № 323-063-737 JAA/4110-7212 by using cheques and VISA cards issued in the name of Likharev Oleg and Likhareva Tamara, citizens of the Russian Federation, or by any other possible ways. To avoid the drawing out of funds from the account, we ask you to take the required actions.

The ban on the commanding of the finance deposited on the joint account has been imposed by the Court till the settlement of the dispute on the division of the property to the point (till the award of a judgement). You will be informed about it additionally.

In case of your non-execution of the said Court Order of your own free will we shall have to apply to competent authorities for the forced execution thereof.

Sincerely,
Attorney

V.E. Stepanova
Seal: The Chamber of Attorneys of Nizhny Novgorod region
Non-Commercial Organization
The Bar of Nizhny Novgorod № 3

Nizhny Nov.

Exhibit "A"

1  Philip D. Dapeer (State Bar No. 53378)
   PHILIP D. DAPEER
2  A Law Corporation
   699 Hampshire Road, Suite 105
3  Westlake Village, CA 91361-2379
   Tel: (323) 954-9144 • Facsimile: (323) 954-0457
4
   Attorney for Plaintiff
5

6

7                  UNITED STATES DISTRICT COURT

8                 CENTRAL DISTRICT OF CALIFORNIA

9

10  OLEG LIKHAREV,                    )  Case No.  CV 08-1581 PA [FFMx]
                                      )
11                  Plaintiff(s),     )  **STIPULATION RE
                                      )  INTERPLEADER AND ORDER
12  v.                                )  ON STIPULATION**
                                      )
13  TAMARA LIKHAREV and A.G.          )  DATE:
    EDWARDS, a Division of Wachovia   )  TIME:
14  Securities, LLC and DOES 1 through 20, )  COURTROOM:
    Inclusive,                        )
15                  Defendant(s).     )
                                      )
16  _____)

17

18       IT IS HEREBY STIPULATED by and between plaintiff Oleg Likharev and

19  defendant A.G. Edwards, a division of Wachovia Securities, LLC, as follows:

20

21       1.    Defendant A.G. Edwards currently maintains account number 4110-

22  7212 which stands in the name of plaintiff Oleg Likharev and defendant Tamara

23  Likharev as joint account holders.

24

25       2.    The account currently contains securities which have not been

26  liquidated by account holders, plaintiff Oleg Lekharev and defendant Tamara

27  Lekharev.  Defendant A.G. Edwards has received conflicting demands from

28  plaintiff Oleg Lekharev and defendant Tamara Lekharev with respect to the

1    account.  As a result of those conflicting demands, defendant A.G. Edwards has

2    restricted access to the account by the account holders.

3

4        3.       A.G. Edwards has been named a defendant in this action, by which

5    plaintiff Oleg Lekharev seeks to have this court acquire jurisdiction over the

6    disposition of the account.  A.G. Edwards is willing to waive service of summons

7    and complaint in this action and agrees to submit to the subject matter and personal

8    jurisdiction of this court with respect to the further disposition of the account upon

9    resolution of the conflicting claims existing between plaintiff Oleg Lekharev and

10   defendant Tamara Lekharev.

11

12       4.       Upon the stipulation of A.G. Edwards that it will agree to be bound

13   by such further orders of this court with respect to the disposition of the account,

14   plaintiff otherwise agrees that he will not seek any further affirmative relief as

15   against A.G. Edwards, including recovery of plaintiff's attorney's fees and costs

16   incurred in connection with the prosecution of the this action.

17

18       5.       A.G. Edwards is willing to restrict access to the account by the

19   account holders and maintain the account subject to further order of this court with

20   respect to the disposition of the account or the proceeds of the account.  Defendant

21   A.G. Edwards will require specific instructions from the court as to the disposition

22   of the securities that currently comprise the assets of the account.  Defendant A.G.

23   Edwards will provide the parties to this action, on a periodic basis, with account

24   statements showing the then current status of the securities held in the account, but

25   will take no further action with respect to the disposition of the assets of the

26   account except upon further order of this court, or the joint written agreement of

27   plaintiff Oleg Lekharev and defendant Tamara Lekharev.

28

1        6.    Plaintiff Oleg Lekharev and defendant A.G. Edwards, subject to the

2  approval of this court, agree that defendant A.G. Edwards need not file any further

3  pleading in this case, except for an answer to the complaint which will recite the

4  terms of this stipulation as approved by this court.

5

6        7.    Defendant A.G. Edwards has advised plaintiff that it will carry out

7  specific instructions with respect to any liquidation of the account, in the event the

8  court should order that the account be liquidated so that the cash value of the

9  securities maintained in the account may be distributed in such fashion as may be

10  agreed to be the parties or ordered by the court.

11

12        8.    In connection with the prosecution of this action, plaintiff agrees to

13  seek such further order of court as may be necessary and appropriate so as to

14  instruct A.G. Edwards regarding the disposition of the assets of the account, in the

15  event liquidation of the account should be required based upon the outcome of the

16  litigation between plaintiff Oleg Lekharev and defendant Tamara Lekharev.

17

18  DATED: _____   A.G. Edwards,
19                                   A division of Wachovia Securities LLC

20                                   By: _____
21                                       Sherry Wolk,
                                     Its _____

22

23  DATED: March 12, 2008     PHILIP D. DAPEER,
24                                   A law corporation

25

26                                   By: _____
                                   Philip D. Dapeer,
27                                   Attorney for plaintiff, Oleg
                                 Lekharev

28

**STIPULATION**

# ORDER ON STIPULATION

The court having considered the stipulation of plaintiff Oleg Lekharev and defendant A.G. Edwards with respect to the disposition of the account that is the subject of this action, and good cause appearing therefor, the stipulation is approved and it is so ordered.

Dated _____                   _____
                                              United States District Judge

Submitted by:

Philip D. Dapeer,
a law corporation

By: _____
        Philip D. Dapeer
        Attorney for plaintiff Oleg Lekharev
    .

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF VENTURA

I am employed in the County of Ventura, State of California.  I am over the age of 18 and not a party to the within action; my business address is 699 Hampshire Road, Suite 105, Westlake Village, CA 91361-2379.

On , March 12, 2008, I served the foregoing document described as

**STIPULATION RE INTERPLEADER AND ORDER ON STIPULATION**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED MAILING LIST

[X]    (BY MAIL) I deposited such envelope in the mail at Westlake Village, California.  The envelope was mailed with postage thereon fully prepaid.

 I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postage service on same day with postage thereon fully prepaid at Westlake Village, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (BY FACSIMILE) I caused such document to be sent via facsimile transmission on this date during regular business hours to the addressee(s) as shown above. The facsimile machine utilized complies with California Rules of Court 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court 2008(4), I caused the machine to print a transmission record of the transmission.

[ ]    (BY PERSONAL DELIVERY) I delivered such envelope by personal delivery to the offices of the addressee(s).

Executed on March 12, 2008, at Westlake Village, California.

[ ]    (State) I declare under penalty of perjury that the foregoing is true and correct.

[XX]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
PHILIP D. DAPEER

1    MAILING LIST

2    xx

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# HAGUE CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRA-JUDICIAL DOCUMENTS IN CIVIL AND COMMERCIAL MATTERS

**DISCLAIMER:** THE INFORMATION IN THIS CIRCULAR RELATING TO THE LEGAL REQUIREMENTS OF SPECIFIC FOREIGN COUNTRIES IS PROVIDED FOR GENERAL INFORMATION ONLY AND MAY NOT BE TOTALLY ACCURATE IN A PARTICULAR CASE. QUESTIONS INVOLVING INTERPRETATION OF SPECIFIC FOREIGN LAWS SHOULD BE ADDRESSED TO FOREIGN COUNSEL OR THE FOREIGN CENTRAL AUTHORITY FOR THE CONVENTION.

**IN FORCE :**..ANGUILLA [3] , ANTIGUA AND BARBUDA, ARGENTINA [7] , ARUBA [5] , BAHAMAS, BARBADOS, BELARUS, BELGIUM, *BELIZE* [1] , BERMUDA [3] , BOTSWANA, BRITISH VIRGIN ISLANDS [3] , BULGARIA [7,13] , CANADA, CAYMAN ISLANDS [3] , CHINA [2 , 7] , CYPRUS, CZECH REPUBLIC [2 , 7] , DENMARK, *DJIBOUTI (formerly Afars and Issas)* [1] , EGYPT [7] , ESTONIA, FALKLAND ISLANDS AND DEPENDENCIES [3] , *FIJI* [1,3] , FINLAND, FRANCE (including French Overseas Departments), FRENCH POLYNESIA [4] , GERMANY [7, 8, 9] , GIBRALTAR [3] , GREECE [10] , GUERNSEY [3] , HONG KONG SAR [3] , IRELAND, ISLE OF MAN [3] , ISRAEL, ITALY, JAPAN, JERSEY [3] , *KIRIBATI (formerly Gilbert Islands and Central and Southern Line Islands)* [1 , 3] , KOREA, Republic of (SOUTH KOREA) [7,14] , LATVIA, LITHUANIA [7] , LUXEMBOURG [11] , MACAU SAR [6] , MALAWI, MEXICO, MONTSERRRAT [3] , NETHERLANDS, *NEVIS* [1] , NORWAY [7] , PAKISTAN, PITCAIRN [3] , POLAND, PORTUGAL, RUSSIAN FEDERATION, *ST. CHRISTOPHER (KITTS)* [1] , ST. HELENA AND DEPENDENCIES [3] , *ST. LUCIA* [1] , *ST. VINCENT AND THE GRENADINES* [1] , SEYCHELLES, SLOVAK REPUBLIC [2 , 7, *SLOVENIA*] , *SOLOMON ISLANDS* [1] , SPAIN, SRI LANKA [7] , SWEDEN, SWITZERLAND [7] , TURKEY [7] , TURKS AND CAICOS ISLANDS [3] , *TUVALU (formerly Ellice Islands)* [1] , UKRAINE, UNITED KINGDOM, UNITED STATES [12] , VENEZUELA [7] .

[1] *This country achieved independence. No declaration has been made on the continuation in force of the Convention. We have requested the assistance of the Hague Conference on Private International Law in ascertaining from these countries whether they are applying the Convention.*

[2] *In accordance with Article 34(1) of the Vienna Convention on Succession of States in Respect of Treaties, the U.S. view is that when a country which is a party to a multilateral treaty or convention has dissolved, the successor state(s) inherit the treaty obligations of the former government, consistent with Article 34 of the Vienna Convention on Succession of States in Respect of Treaties. However, as a practical matter, the custom is for depositaries to expect a notice of succession to confirm that the new entity is performing its treaty obligations. Many newly independent states may not really be implementing such conventions at this time in that they may be performing the functions set forth in the Convention. We continue to work with these governments and the depositaries to obtain confirmation that the respective successor state is complying with treaty obligations.*

[3] *The Convention was extended to this territory, possession or other jurisdiction by the United Kingdom.*

[4] *The Convention was extended to this territory, possession or other jurisdiction by France.*

[5] *The Convention was extended to this territory, possession or other jurisdiction by the Netherlands.*

[6] *The Convention was extended to this territory, possession or other jurisdiction by Portugal.*

[7] *Argentina, China, the Czech Republic, Egypt, Germany, Greece, Latvia, Lithuania, Luxembourg, Norway, Poland, the Republic of South Korea, the Slovak Republic, Sri Lanka, Switzerland, Turkey, Ukraine, and Venezuela have notified the Hague Conference on Private International Law on accession, ratification or subsequently that they object to service in accordance with Article 10, sub-paragraph a of the Convention, via postal channels.*

[8] *The Hague Service Convention provision for service by a Central Authority is the exclusive method for service of process in the Federal Republic of Germany.*

[9] *On November 19, 1992, the Federal Republic of Germany advised the depositary for the Convention that notwithstanding the provisions of the first paragraph of Article 15, a German judge may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled: the document was transmitted by one of the methods provided for in the Convention; a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document; no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed. In addition, Germany advised that an application for relief in accordance with Article 16 will not be entertained if it is filed after the expiration of one year following the termination of the time-limit which has not been observed.*

[10] *On November 23, 1989, Greece informed the depositary government for the Convention that the judges of Greece may give judgment if all the conditions in Article 15, paragraph 2(a),(b) and (c) of the Convention are fulfilled even if no certificate of service or delivery has been received.*

[11] *Luxembourg communicated the withdrawal of its declaration opposing service through postal channels in accordance with Article 10(a) of the Convention in a Note to the Government of the Netherlands dated June 2, 1978.*

[12] *As of June 28, 1978, the United States will not charge a fee for service of judicial documents which it receives from any State Party to the Convention which does not impose a charge for service of documents sent from the United States for service under the Convention. On March 31, 1994, the Government of the United States declared that the Convention shall also be extended to the Commonwealth of the Northern Mariana Islands.*

[13] *In accordance with Article 28, second paragraph, the Convention will enter into force for the Republic of Bulgaria in the absence of any objection from a State which has ratified the Convention before the deposit of the accession, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the Ministry has notified it of the accession. For practical reasons, this six months'' period will run from January 31, 2000 to July 31, 2000. The Republic of Bulgaria objects to the use of channels of transmission for service mentioned in Article 10 of the Convention. The Republic of Bulgaria requires the document, which is to be served, to be written in or accompanied by a translation into the Bulgarian language. The Republic of Bulgaria designates the district courts as authorities which are competent to complete the certificate (Article 6, paragraphs 1 and 2).*

[14] *Ratified Convention January 13, 2000; in accordance with Article 28, second paragraph, the Convention will enter into force for the Republic of Korea in the absence of any objections from a State which has ratified the Convention before the deposit of the accession, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the Ministry has notified it of the accession. For practical reasons, this six month''s period will run from January 31, 2000 to July 31, 2000. Pursuant to Article 10, the Republic of Korea objects to the following: a) the freedom to send judicial documents, by postal channels, directly to persons abroad, b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officials or other competent persons of the State of destination, c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through judicial officers, officials or other competent persons of the State of destination.*

## CITATIONS

**20 U.S.T. 361**

**658 U.N.T.S. 163**

**T.I.A.S. No. 6638**

**28 U.S.C.A. (Appendix following Rule 4 FRCvP)**

**16 I.L.M. 1339 (1977)**

**Martindale-Hubbell Law Directory, Law Digest Volume, Selected International Conventions**

## U.S. CENTRAL AUTHORITY

Office of International Judicial Assistance
Civil Division
Department of Justice
1100 L Street, NW
Room 11006
Washington, D.C. 20530
(202) 307-0983

## PURPOSE

The Hague Service Convention codifies service of process by international registered mail and by agent. The treaty also provides for service of process by a Central Authority (usually the Ministry of Justice) in the Convention countries pursuant to a request submitted on a form USM-94, available at the office of any United States Marshal. The text of the treaty is self-explanatory, but see the reservations and declarations each country made on accession to the treaty. Some countries made specific reservations against particular methods of service. The Convention method should be employed in all countries party to it.

## SCOPE OF THE CONVENTION

This question was raised at the first Special Commission meeting on the operation of the Convention. The applicability of the Convention to administrative cases is generally decided on a case-by-case basis. See Commission Reported, cited under References.

## REQUEST FOR SERVICE FORM (USM-94)

You may obtain a copy of the Request for Service form (USM-94) from the local office of the U.S. Marshal"s Service. Further information on the treaty may be obtained from the Supervisory Deputy for process at the nearest U.S. Marshal"s office. You may also contact Headquarters, U.S. Marshal"s Service, 202-307-9110. (See also Memo No. 386, Revision No. 3, at the U.S. Marshal"s office or at Vol. l6, Intl Legal Materials, l33l, (1977) Am. Soc. Intl. Law).

## COMPLETE THE FORM

The completed request form and documents to be served, with accompanying translations (2 copies of each), should be mailed directly to the foreign central authority as provided by Article 3 of the Convention.

## FEDERAL AUTHORITY FOR ATTYS TO COMPLETE AND SEND FORM

Effective February 26, l983 Public Law 97-462 amended Rule 4 of the Federal Rules of CivilProcedure regarding service of process. Pursuant to this change in Rule 4(c)2(A) the U.S. Marshal will no longer transmit Form USM-94 directly to the foreign central authority of a country party to the Hague Service Convention. Rather, the attorney representing the party seeking service should execute the portion of Form USM-94 marked "Identity and Address of the Applicant" and the "Name and Address of the Requesting Authority" portion of the Summary of the Document to be Served.

## CITE AUTHORITY

A reference to the statutory authority to serve the document should appear prominently on the request, stating that "service is requested pursuant to Rule 4(c)2(A), U.S. Federal Rules of Civil Procedure" which authorizes any person who is not a party and is not less than 18 years of age to serve a summons and complaint.

## STATE COURT ACTIONS

In actions pending in state courts, state law designates the person authorized to effect service. Requests pending in state courts should specify that the request is made pursuant to Rule 4(c)2(A) of the U.S.

Federal Rules of Civil Procedure and any pertinent state law. See U.S. Marshal"s Memo 386, [p. 14, footnote 11,] 16 I.L.M. 1331 et seq. (1977) for guidance on service requests in actions pending in state courts.

## DESIGNATING METHOD OF SERVICE TO BE USED BY CENTRAL AUTHORITY

Fill in the USM-94 in duplicate, designating the method of service to be used by the foreign Central Authority.

## FORMAL SERVICE

(Article 5, paragraph 1, sub-paragraph a)The Central Authority itself serves or arranges to have served "by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory". Generally, documents to be served in accordance with this method must be translated into the official language of the country. See the Practical Handbook on the Convention for specific information, or consult the U.S. Central Authority.

## INFORMAL DELIVERY

(Article 5, paragraph 2)Unless a particular method is requested, the document may always be served by delivery to an addressee who accepts it voluntarily. This method of informal delivery is by far the most broadly used approach in a substantial number of Contracting States. The person who delivers the document is often a police official. In most cases, the addressees accept the document voluntarily or come down to pick it up at the police station, which dispenses with the need for translation of the documents to be served.

## PERSONAL SERVICE

(Article 5, paragraph 1, sub-paragraph b)If personal service is required, delete methods (a) and (c) on the Request for Service form (USM-94) and indicate method (b) on the form, noting that the documents should be served personally upon the person or company to be served.

## TRANSLATIONS

Unless the party to be served will accept service voluntarily, the documents to be served must be accompanied by a translation into the official language of the foreign country. See Ristau, International Judicial Assistance (Civil and Commercial), International Law Institute, 1995, Vol. 1, Section 4-2-3(5), pp. 133-138. See Teknekron Management Inc. v. Quante Fernmeldtechnik Gmbh, 115 F.R.D. 175 (D. Nev. 1987); Vornees v. Fischer & Krecke, 697 F. 2d 574, 575 (4th Cir. 1983)

## COSTS

There are generally no costs incurred in connection with service through the central authority under the Convention. However, if personal service is made and the person to be served resides in some remote location, some fees may be charged. The fees will be billed to the requester by the foreign central authority.

## TIME FRAME

There is no specific time frame for serviceprovided for in the Convention. However, the Hague Conference on Private International Law advises that most Convention central authorities generally accomplish service within two months.

## PROOF OF SERVICE

On the reverse side of the Request for Service form is a Certificate of Service form. The certificate, which serves as proof of service, is completed and mailed directly to the requesting party by the foreign central authority after service has been effected.

**SERVICE OTHER THAN BY CONVENTION CENTRAL AUTHORITY**
**SERVICE THRU CONSULAR & DIPLOMATIC CHANNELS**

(Articles 8 and 9)U.S. consular officers are prohibited by Federal regulations from effecting service of process in private matters. See 22 CFR 92.85.

## SERVICE BY POSTAL CHANNELS

(Article 10, sub-paragraph a)American courts have consistently held that international mail service of civil summonses is not proper in the case of States party to the Hague Service Convention which have entered an appropriate reservation under Article 10 thereof. See Ristau, Vol. 1, Section. 4-1-6, pp. 121.3-121.9. See also, Epstein, International Litigation, A Guide to Jurisdiction, Practice and Strategy, 2nd., 1994, Section 4.04(3), pp. 4-14-4-19.

*Argentina, China, the Czech Republic, Egypt, Germany, Greece, the Republic of South Korea, Latvia, Lithuania, Luxembourg, Norway, Poland, the Slovak Republic, Sri Lanka, Switzerland, Turkey, Ukraine, and Venezuela have notified the Hague Conference on Private International Law on accession, ratification or subsequently that they object to service in accordance with Article 10, sub-paragraph a of the Convention, via postal channels.*

**SELECTED CASES:** Re Hunt''s Pier Associates Debtor, 156 Bankr, 464 (E.D. Pa. 1993); Grand Entertainment v. Star Media Sales, 988 F. 2d 476 (3rd Cir. 1993); Peabody Holding Co. v. Lotain Group PLC, 808 F. Supp. 1425 (E.D. Mo. 1992); Perfumer''s Workshop, Ltd. v. Roure Bertrand du Pont, S.A., 737 F. Supp. 785 (S.D.N.Y. 1990); Wilson v. Honda Motor Co. Ltd, 766 F. Supp. 339 (E.D. Tenn 1991); Honda Motor Co., Ltd., v. Superior Court (10 Cal. App. 4th 1043, 12 Cal. Rptr 2d 861 (1992); Sheets v. Yamaha Motor Co. Ltd., (891 F. 2d 533 (5th Cir. 1990)); Bankston v. Toyota Motor Corp. (889 Fed. Rptr, 2d Series, 172, (8th Cir. 1989; W.D. Ark., 4 Jan 1989); Suzuki Motor CO., Ltd. v. Superior Court (200 Cal. App. 3d 1476, 249 Cal. Rptr. 376 (1988); Hantover Inc. v. Omet S.N.A., 688 F. Supp. 1377 (W.D. Mo. 1988); Turick v. Yamaha, (121 F.R.D. 32 (S.D.N.Y. 1988)); Cooper v. Makita Electric Works Ltd., 117 F.R.D. 16 (1987); Ackermann v. Levine (788 F. wd 830 (2d Cir. 1986); , Pochop v. Toyota Motor Co. Ltd., 111 F.R.D. 464 (1986), Mommsen v. Toro Co., 108 F.R.D. 444 (1985); DeJames v. Magnificence Carriers, Inc., 654 F.2d 280 (3d Cir. 1981); Porsche v. Superior Court, 177 Cal. Rptr. 155 (1981); Cintron v. W&D Machinery Co. Inc., 182 N.J. Super. 126, 440 (A. 2d 76 (1981)); Kadota v. Hosogai, 608 P. 2d 68 (Ct. of Appeals, Ariz, 1980); Shoei Kako Co. v. Superior Court, 33 Cal. App. 3d 808, 109 Cal. Rptr. 402 (1973).

**But see,** Umbenhauer v. Woog, 959 F. 2d 25, (3rd Cir, 1992) which held that objections from foreign governments cannot justify non-compliance with the Federal Rules of Civil Procedure for service of process by international mail. It should be noted that the country in question, Switzerland, was not a party to the Hague Service Convention at that time, and thus did not file formal objection to service by postal channels under Article 10(a). Formal objections to this method of service made at the time of accession or subsequently in accordance with the Convention are honored as a Treaty obligation.

**Note:** With respect to the debate in the courts regarding the validity of service by mail in Japan, see our country specific flyer, Service of Process in Japan, via our autofax service or at our Internet Home Page.

**BUT SEE** , FTC v. Compagnie de Saint-Gobain-Pont-a-Mousson, 636 F. 2d 1327, n. 150 (D.C. Cir. 1980) on the issue of service via international registered mail when the document to be served is not compulsory or punitive when there is no treaty obligation to refrain from such methods of service. See also, Digest of United States Practice in International Law, Department of State, Office of the Legal Adviser, 1980 p. 457.

## TRANSLATIONS AND SERVICE BY MAIL

**Translation of documents to be served by registered mail is not strictly required by the Convention. Courts have ruled that the translation requirement of Article 5 applies only to service of documents by the foreign Central Authority, and not direct postal service. See Lemme v. Wine of Japan Import, Inc., 631 F. Supp. 456, 463-64 (E.D.N.Y. 1986). See also Greenfield v. Suzuki Motor Co., Ltd., 776 F. Supp. 698, 701-703 (E.D.N.Y. 1991). See Epstein, International Litigation: A Guide to Jurisdiction, Practice and Strategy, , 2nd, 1994, Section 4.04(1), p. 4-13. But see, Ristau, Vol 1, Section 4-3-1(2), p. 142 for a discussion of challenges which can occur if documents are not served in the language the recipient understands.**

## SERVICE THRU JUDICIAL OFFICERS

(Article 10, sub-paragraphs b and c)Permits the judicial officers, officials and other competent persons of the state of origin to effect service of judicial documents through the efforts of the judicial officials of the state of destination, unless the latter state objects to this method.

**SEE ALSO** Volkswagenwerk Aktiengesellschaft v. Schlunk, 108 S. Ct. 2104, 100 L. Ed. 2d 722, 27 I.L.M. 1093 (15 June 1988) on the issue of service on an agent for a foreign corporation in the United States.

**FOREIGN CENTRAL AUTHORITIES**

The Hague Conference on Private International Law Handbook on the Operation of the Hague Service Convention provides the following addresses of foreign central authorities:

**ANDORRA:**

1. El Ministre d"Afers Exteriors

2. El Ministre de Justícia i Interior

All legalization requests are centralized through the following address:

Ministeri d"Afers Exteriors
Prat de la Creu
Edifici del Govern
Andorra la Vella
Principat d"Andorra

Tel.: 376-875-700
Fax: 376-869-559
E-mail: exteriors.gov@andorra.ad

**ANGUILLA:**
The Registrar of the Supreme Court
Anguilla

**ANTIGUA & BARBUDA:**
(1) The Governor General
Antigua and Barbuda;

(2) Registrar of the High Court
High Street
St. John"s, Antigua, West Indies
tel: 809-462-3147

**ARGENTINA:**
Acceded to the Convention: February 2, 2001
Enters into Force: December 1, 2001

Central Authority: Ministry of Foreign Affairs, International Trade and Worship
Treaty Bureau
Esmeralda 1212 - 15th. Fl.
1007 Buenos Aires
Tel: (5411) 4819-7000
4819-8015

Argentina made the following declarations:

1 - To Article 5, third paragraph: "The ARGENTINE REPUBLIC shall not accept documents to be served or transmitted unless they are accompanied by a translation into the Spanish language."

2 - To Article 21, first paragraph, a): "The Argentine Government designates the Ministry of Foreign

Affairs, International Trade and Worship as the Central Authority."

3 - To Article 21, second paragraph, a): "The ARGENTINE REPUBLIC opposes to the use of methods of transmission pursuant to Article 10."

4 - To Article 21, second paragraph, b): "The Argentine Government accepts declarations pursuant to second paragraph of Article 15 and third paragraph of Article 16."

5 - The ARGENTINE REPUBLIC rejects the claimed extension of application of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, adopted at The Hague on November 14, 1965, to the Malvinas, South Georgias and South Sandwich Islands as notified on May 20, 1970 by the UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND to the KINGDOM OF THE NETHERLANDS as Depositary of the Convention under the "Falkland Islands and dependencies" inaccurate denomination. Therefore, the ARGENTINE REPUBLIC similarly rejects the designation of the "Registrar of the Supreme Court" in the Malvinas Islands as application authority of this Convention which was made on that same opportunity, as well as any other act derived or that may be derived from this claimed territorial extension.

The General Assembly of the United Nations has recognized the existence of a dispute on the Malvinas, South Georgias and South Sandwich Islands sovereignty and has urged the ARGENTINE REPUBLIC and the UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND to hold negotiations in order to find, as soon as possible, a peaceful and definite solution to such dispute, with United Nations Secretary General''s good offices mediation, who shall inform the General Assembly about the progress made (Resolutions 2065 (XX), 3160 (XXVIII), 31/49, 37/9, 38/12, 39/6, 40/21, 41/40, 42/19 and 43/25). The Special Committee on Decolonization having equally declared, has annually adopted a resolution which proclaims that to put an end to this colonial situation the negotiations must be resumed in order to peacefully and definitely solve this sovereignty dispute. The last of these resolutions was adopted on July 1, 1999.

The ARGENTINE REPUBLIC reaffirms its sovereignty on the Malvinas, South Georgias and South Sandwich Islands and its maritime surrounding areas which are an integral part of its national territory."

**ARUBA:**
The Kingdom of the Netherlands declared that the application of the Convention shall extend to *Aruba* on 28 May 1986. Entry into Force for *Aruba: 27 July 1986* . Effective November 1, 2000, the Central Authority is:

Procurator General
L.G. Smith Boulevard 42-44
Oranjestad, Aruba
Tel: (279) 834-387 / 829-132
Fax: (279) 838-891

**BAHAMAS:**

Entered into Force: February 1, 1998. Designated Central Authority: "The Honorable Attorney General."

Bahamian Central Authority for the Hague Service
Rhonda Bain
The Attorney General''s Office
PO Box N3007
East Hill Street
Nassau, Bahamas
Tel: (242)-502-0400

**BARBADOS:**
The Registrar of the Supreme Court of Barbados
Law Courts, Bridgetown, Barbados
tel: 809-42-75537

**BELARUS:**

Ministry of Justice
Division of Execution of International Treaties
Department of Legal Provision of Foreign Relations
Kollektornaya St. 10
220048 Minsk
Belarus
Contact: Ms. Marina Zhandarova
Telephone: 375-17-211-0185

**BELGIUM:**
Le Ministere de la Justice
Administration de la Legislation
Place Poelaert 4
1000 Bruxelles
tel: 511-42-00
telex: 62.440 Min Jus

**BELIZE:**
Now Independent. No formal confirmation to depositary government that Convention applies. Government of Belize authorities have advised the U.S. Embassy that the Convention does apply and that requests for service should be sent to the following central authority:

The General Registry
Supreme Court Building
P.O. Box 87
Belize City, Belize

**BERMUDA:**
The Registrar of the Supreme Court
Sessions House
21 Parliament St.
Hamilton HM 12, Bermuda
tel: 809-292-1350

**BOTSWANA:**
The Minister of State in the Office of the President of the Republic of Botswana
Lobatse, Botswana

**BRITISH VIRGIN ISLANDS:**
The Registrar of the Supreme Court
British Virgin Islands

**BULGARIA:**
The Republic of Bulgaria designates the Minstry of Justice and European Legal Integration as Central Authority. The same authority is competent to receive the documents forwarded under Article 9, paragraph 1.

**CANADA:**
To save time, requests should be forwarded directly to the Central Authority of the province or territory concerned. They may, however, also be forwarded to the Federal Central Authority which will transmit them to the relevant Central Authority in the province or territory.

**Federal Central Authority:**
Director, Legal Advisory Division
Department of External Affairs
125 Sussex Drive
Ottawa, Ontario
Canada K1A 0G2
(613) 995-0119

**For Alberta:**

Attorney-General for Alberta
Attn: Executive Director - Court Services
9833-109th Street
Edmonton, Alberta
Canada T5K 2E8
tel: (403) 427-4992

**For British Columbia:**
Ministry of the Attorney-General
for British Columbia
Office of the Deputy Minister
Fifth Floor, 910 Government Street
Victoria, British Columbia
Canada V8V 1X4
tel: (604) 387-5211

**For Manitoba:**
Attorney-General for Manitoba
c/o Director - Civil Legal Services
Woodsworth Building
6th Floor
405 Broadway
Winnipeg, Manitoba
Canada, R3C 0V8
tel: (204) 945-2847

**For New Brunswick:**
Attorney-General for New Brunswick
P.O.Box 6000
Fredericton, New Brunswick
Canada, E3B 5H1
tel: (506) 453-2208

**For Newfoundland:**
Department of Justice
Confederation Building
St. John"s, Newfoundland
Canada A1C 5T7
tel: (709) 576-2869

**For Nova Scotia:**
Attorney General of Nova Scotia
Legal Services Division
P.O. Box 7
Halifax, Nova Scotia
tel: (902) 424-4024

**For Ontario:**
Ministry of the Attorney General for Ontario Reciprocity Office: Civil Law Division
18 King St. East
Toronto, Ontario
Canada M5C 1C5
tel: (416) 965-2570

**For Prince Edward Island:**
Attorney General of Prince Edward Island
Office of the Deputy Minister
P.O. Box 2000
Charlottetown, Prince Edward Island
Canada C1A 7N8
tel: (902) 368-4570

**For Quebec:**
Ministre de la Justice du Quebec
a/s Le service juridique
1200 route de l"Eglise
5eme etage
Ste-Foy, Quebec
Canada G1V 4M1
(418) 643-1436

**For Saskatchewan:**
Minister of Justice for Saskatchewan Att. of Director of Sheriff Services
1874 Scarth St., 10th Floor
Regina, Saskatchewan
Canada S4P 3V7
(306) 787-5488

**For Yukon:**
Director of Court Services
Department of Justice
Box 2703
Whitehorse, Yukon Y1A 2C6
(403) 667-5942

**For Northwest Territories:**
Deputy Minister of Justice
Government of the Northwest Territories
Box 1320
Yellowknife, Northwest Territories
Canada X1A 2L9
tel: (613) 995-0119

**CAYMAN ISLANDS:**
Clerk of the Courts
Grand Cayman, Cayman Islands

**CHINA:**
Bureau of International Judicial Assistance
Ministry of Justice of the People"s Republic of China
10 Chaoyangmen Nandajie
Chaoyang District
BEIJING, 100020
China

**CYPRUS:**
Ministry of Justice & Public Order
Office of Permanent Secretary
125 Athalassa Avenue
2024 Nicosia,Cyprus

Tel: 357-22-805955
Fax: 357-22-518356

**CZECH REPUBLIC:**
Ministerstvo Spravedlnosti Ceske Republiky/ Ministry of Justice of the Czech Republic
128 10 Praha 2, Vysehradska 16
Prague, Czech Republic

**DENMARK:**
Ministry of Justice
Justitsministeriet

Slotsholmsgade 10
1216 Kobenhavn K.
Copenhagen, Denmark
tel: 120906
telex: 15530

**DJIBOUTI:**
*Unknown. Now Independent. Formerly French territory of Afars and Issas. No formal confirmation to depositary government that Convention applies.*

**EGYPT:**
Ministry of Justice
Office of International Judicial Cooperation
New Annex Building 7th Floor
Nobar Street
Abdin, Cairo, Egypt
tel. 011-20-2-795-6059

**ESTONIA:**
The Ministry of Justice of the Republic of Estonia

**FALKLAND ISLANDS:**
The Registrar of the Supreme Court
Stanley, Falkland Islands

**FIJI:**
*Chief Registrar of the High Court of Fiji*
*Government Buildings*
*Suva, Fiji*

*Fiji became an independent State October 10, 1970. Prior to that time, Fiji was a dependency of the United Kingdom which extended its accession to the Convention to Fiji. Fiji has never confirmed to the Hague Conference on Private International Law or the Government of the Netherlands whether it considers the Hague Service Convention to apply to Fiji. However, Fijian authorities have provided the U.S. Embassy with the name and address of the Central Authority noted above to whom requests for service under the Hague Convention may be transmitted.*

**FINLAND:**
Ministry of Justice
10 Etelaesplanadi
Helsinki 13, Finland
tel: 358-0-1601

**FRANCE:**
Ministere de la Justice
Bureau de l"Entraide Judiciaire Internationale D4
13 Place Vendome
75042 Paris (1er), Cedex 01, France
tel: 261-80-22
telex: 211-802F

**GERMANY:**

**For Baden-Wurttemberg:**
Justizministerium Baden-Wurttemberg
Schillerplatz 4
70173 Stuttgart, Federal Republic of Germany

**For Bavaria**
Bayerisches Staatsministerium der Justiz
Justizpalast

Prielmeyerstrasse 7
80335 Muenchen
Munich, Germany
(this is the street address)

(For correspondence the following address should be used):

Bayerisches Staatsministerium der Justiz
80097 Muenchen
Munich, Germany

**For Berlin:**
Senator fur Justiz
Salzburger Strasse 21-25
10825 Berlin, Germany

**For Brandenburg:**
Das Ministerium der Justiz
des Landes Brandenburg
Heinrich-Mann-Alee 107
14460 Potsdam, Germany

**For Bremen:**
Prasident des Landgerichts Bremen
Domsheide 16
28195 Bremen, Germany

**For Hamburg:**
Prasident des Amtsgerichtes Hamburg
Sievekingplatz 1
20335 Hamburg

**For Hesse:**
Hessischer Minister der Justiz
Luisenstrasse 13
65185 Wiesbaden, Germany

**For Lower Saxony:**
Niedersachsisher Minister der Justiz
Am Waterlooplatz 1
30169 Hannover, Germany

**For Mecklenburg-Western Pomerania:**
Der Minister fur Justiz
Bundes- und Europaangelegenheiten
des Landes Mecklenburg-Vorpommern
Demmlerplatz 14
19053 Schwerin, Germany

**For Northrhine-Westphalia:**
Justizminister des Landes Nordrhein-Westfalen
Cecilienallee 3
40474 Dusseldorf, Germany

**For Rhineland-Palatinate:**
Ministerium der Justiz
Ernst-Ludwig-Strasse 3
55116 Mainz, Germany

**For Saarland:**
Minister der Justiz des Saarlandes

Zahringerstrasse 12
66119 Saarbrucken, Germany

**For Saxony:**
Sachsisches Staatsministerium der Justiz
Archivstrasse 1
01097 Dresden, Germany

**For Saxony-Anhalt:**
Ministerium der Justiz
des Landes Sachsen-Anhalt
Wilhelm-Hopfner-Ring 6
39116 Magdeburg, Germany

**For Schleswig-Holstein:**
Der Justizminister
des Landes Schleswig-Holstein
Lorentzendamm 35
24103 Kiel, Germany

**For Thuringia:**
Thuringer Justizministerium
Alfred-Hess Strasse 8
99094 Erfurt, Germany

**GIBRALTAR:**
The Registrar of the Supreme Court
Gibraltar

**GREECE:**
Ministry of Foreign Affairs
Department of Administrative and Judicial Affairs
D-3 Section, Department 2
Zalakosta 1, Athens, Greece

**GUERNSEY:**
The Bailiff
Bailiff"s Office
Royal Court House
Guernsey
Channel Islands

**HONG KONG SAR (CHINA) / CHINA (HONG KONG SAR):**
The Chief Secretary of Hong Kong
Central Government Offices
Lower Albert Road
Hong Kong, tel: 011-852-8102954

**ISLE OF MAN:**
The First Deemster and Clerk of the Rolls
Roll"s Office
Douglas, Isle of Man

**IRELAND:**
Master of the High Court
Dublin, Ireland

or

- a practising Solicitor; or
- a Country Registrar; or

- a District County Clerk

**ISRAEL:**
Director of Courts
Directorate of Courts
Russian Compound
Jerusalem
tel: 246919

**ITALY:**
The Registry of the Court of Appeal
Rome, Italy

L"Ufficio unico degli ufficiali
giudiziari presso la corte d"appello la corte
d"appello di Roma
Rome, Italy

**JAPAN:**
The Minister of Foreign Affairs
2-2-1 Kasumigaseki, Chiyoda-ku
Tokyo 100, Japan
tel: 81-3-3581-4015

**JERSEY:**
The Attorney General
Jersey, Channel Islands

***KIRIBATI:***
*Unknown. Now Independent. No formal confirmation to depository government that Convention applies.*
*Former Central Authority: Registrar of the High Court*

**KOREA, REPUBLIC OF (SOUTH KOREA):**
Ministry of Court Administration, Attn.: Director of International Affairs, 967, Seocho-dong, Seocho-gu,
SEOUL 137-750, Republic of Korea

**LATVIA:**
Ministry of Justice
Brivibas Boulevard 34
LV - 1536 Riga

**LITHUANIA:**
Signatory: August 2, 2000
Accession: May 15, 2001
Entry into Force: June 1, 2001

Central Authority: Ministry of Justice
Dept. of International Law
Gedimino 30
Vilnius, Lithuania.

An alternative central authority is the District Attorney, Procuracy General, Smetonos 4, Vilnius, Lithuania.

The instrument of accession of Lithuania contains the following declarations:

And whereas it is provided in Article 2 of the said Convention, the Republic of Lithuania designates the
Ministry of Justice of the Republic of Lithuania as a Central Authority to receive requests for service
coming from other Contracting States;

And whereas it is provided in Article 8 of the said Convention, the Republic of Lithuania declares that it
opposes to the ways of service of documents provided in this Article, unless the documents are to be

served upon a national of the State in which the documents originate;

And whereas it is provided in Article 10 of the said Convention, the Republic of Lithuania declares that it is opposed to the ways of service of documents provided in this Article;

And whereas it is provided in paragraph 2 of Article 15 of the said Convention, the Republic of Lithuania declares that the judge of the Republic of Lithuania may give judgment even if no certificate of service or delivery has been received, if all conditions of paragraph 2 of Article 15 are fulfilled;

And whereas it is provided in paragraph 2 of Article 16 of the said Convention, the Republic of Lithuania declares that an application for relief will not be entertained if it is filed after the expiration of one year following the date of the final judgment;...".

**LUXEMBOURG:**
Parquet general pres la Cour superieure de Justice
12 Cote d"Eich
Luxembourg-Ville
tel: 475981 or 26765 or 41464

**MACAU SAR (CHINA) / CHINA (MACAU SAR):**
Portugal extended its accession to Macau. Requests for service of process in Macau may be transmitted to the Portuguese Central Authority for forwarding to the Competent Authority in Macau to effect service. See Portugal.

**MALAWI:**
The Registrar of the High Court of Malawi
P.O. Box 30244
Chichiri
Blantyre 3
Malawi

**MEXICO:**
Secretaria de Relaciones Exteriores
Direccion General de Asuntos Juridicos
Av. Ricardo Flores Magon No. 1 - Anexo 2
Planta Alta
Colonia Tlatelolco
06995 Mexico, D.F.
tel: 011-52-55-5782-4144

By a Note dated 7 May 2001, the Embassy of Mexico at The Hague informed the depositary of the following: besides English and French, request forms addressed to the Mexican Central Authority should be filled in Spanish, according to Article 7 of the Convention.

**MONTSERRAT:**
The Registrar of the High Court
Montserrat

**NETHERLANDS:**
The Public Prosecutor
District Court of the Hague
Juliana van Stoleberglaan 2-4
The Hague, the Netherlands
tel: 82-40-41

**NEVIS:**
Ministry of Legal Affairs
P.O. Box 186
Government Headquarters
St. Kitts-Nevis, West Indies
tel: 809-465-2521

**NORWAY:**
Ministry of Justice
Boks 8005
Oslo/Dep
Oslo 1, Norway

**PAKISTAN:**
Solicitor
Ministry of Law and Justice
Islamabad, Pakistan

Other Authorities in addition to Central Authority
Within Their Respective Territorial Jurisdictions:

Registrars of:
Lahore High Court, Lahore
Peshawar High Court, Peshawar
Baluchistan High Court, Quetta
High Court of Sind, Karachi

**PITCAIRN:**
The Governor and Commander-in-Chief, Pitcairn
British High Commission
Reserve Bank of New Zealand Building (9th Floor)
2 The Terrace (P.O. Box 1812)
Wellington 1
New Zealand

**POLAND:**
Ministry of Justice
Department of International Cooperation and European Law
Al. Ujazdowskia 11
00-950 Warsaw, Poland
tel: 48-22-628-4431 (ext. 247)
fax: 48-22-628-0949

**PORTUGAL:**
Director General of the Judicial Service of the Ministry of the
Ministry of Justice (Direccao-Geral dos Servicas Judiciarios,
Ministerio de Justica)
Av. Casal Ribeiro 48
1098 Lisboa Codex
Lisbon, Portugal
tel: 351-21-315-52 82
fax: 351-21-353-87 02

**RUSSIAN FEDERATION:**
Accession: May 1, 2001
Entry into Force: December 1, 2001
Central Authority: Unknown. Seeking clarification from the Russian Federation and the Hague Conference
on Private International Law.

**SLOVENIA:**
Signatory: September 18, 2000
Accession: May 15, 2001
Entry into Force: June 1, 2001
Central Authority unknown

**SRI LANKA:**
Signatory: August 31, 200

Accession: May 15, 2001
Entry into Force: June 1, 2001

Central Authority: Secretary/Ministry of Justice and Constitutional Affairs. Seeking clarification regarding address and phone number from Sri Lanka and Hague Conference on Private International law.

The instrument of accession of Sri Lanka contains the following declarations:

In terms of Article 2, the Secretary/Ministry of Justice and Constitutional Affairs is designated the Central Authority.

The authority competent to act upon a Letter of Request pursuant to Article 6 would be the Secretary, Ministry of Justice and Constitutional Affairs/Registrar of the Court of Appeal.

For purposes of Article 7, the documents should be in the English language.

For purposes of Article 10, Sri Lanka has no objection to the procedure set out in paragraph (b) thereof. However it does not agree to the procedure set out in paragraphs (a) and (c).

In terms of Article 15, Sri Lanka wishes to declare that the Judge may proceed to give judgement even if no certificate of service or delivery has been received, provided the conditions set out in Article 15 are fulfilled.

**ST. CHRISTOPHER (St. Kitts):**
Ministry of Legal Affairs
P.O. Box 186
Government Headquarters
St. Kitts-Nevis, West Indies
tel: 809-465-2521

Now Independent. No formal confirmation to depositary government that Convention applies, however local government has provided information to the U.S. Embassy regarding central authority competent to receive Hague Service Convention requests noted above.

**ST. HELENA:**
The Supreme Court
Saint Helena

*ST. LUCIA:*
*Now Independent. No formal confirmation to depositary government that Convention applies, however local government has provided the following information to the U.S. Embassy regarding central authority competent to receive Hague Service Convention requests.*

*Registrar of the High Court*
*Attn: Miss Isabella Shillingford*
*Registry Department*
*Peynier Street*
*Castries, St. Lucia, W.I.*
*tel: 809-452-1257*
*There is no standard fee for service.*

*ST. VINCENT:*
*Now Independent. No formal confirmation to depositary government that Convention applies, however local government has provided the following information to the U.S. Embassy regarding central authority competent to receive Hague Service Convention requests.*

*Ministry of Foreign Affairs*
*St. Vincent and the Grenadines*
*W.I.*
*tel: 809-456-1111*

*There is no fee. The Ministry of Foreign Affairs forwards the request for service to the Registrar''s Office which effects service.*

**SEYCHELLES:**
The Registrar
Supreme Court
Victoria
Mahe, Republic des Seychelles

**SLOVAK REPUBLIC:**
Ministerstvo Spravodlivosti Slovenskej Republicky
Zupne namestie 13, 813 11 Bratislava
Slovak Republic
Fax: (00427) 5316035

**SLOVENIA:**
Signatory: September 18, 2000
Accession: May 15, 2001
Entry into Force: June 1, 2001
the Ministry of Justice of the Republic of Slovenia
Zupanciceva 3
1000 LJUBLJANA
tel.: +386 1 478 5244
fax: +386 1 426 1050

***SOLOMON ISLANDS:***
*Unknown. Now Independent. No formal confirmation to depositary government that Convention applies.
Former Central Authority: Registrar of the High Court, Honiara*

**SPAIN:**
Secretaria General Tecnica
Subdireccion de Cooperacion Juridica Internacional
Ministerio de Justicia
San Bernardo, 45
28015 Madrid, Spain
tel: (34)(1) 390-2328

**SWEDEN:**
Ministry of Justice
Division for Criminal and International Judicial Cooperation
Central Authority
SE-103 33 Stockholm, Sweden
tel: (46)(8) 405-5057
fax: (46)(8) 405-4676

**SWITZERLAND:**
Switzerland designates the cantonal authorities listed below as Central Authorities as referred to in the respective conventions. Requests for the service of documents may also be addressed to:

The Federal Justice and Police Department
Federal Office for Police Matters
International Judicial and Extrajudicial Assistance
Bundesrain 20
3003 Bern
Switzerland
Tel. 011-41-31-322-4310
Fax 011-41-31-322-5380

That office will forward the requests for service to the Central Authority in the appropriate canton.

Requests for service under the Hague Convention may also be sent directly to the Central Authority for the appropriate Canton. The following list provides the canton, official language of the canton, address and telephone number.

**Authorized Swiss Central Authorities for each Canton**

*Cantonal Central Authorities (list up to date as per 14 September 2001)*
The competent cantonal Central Authority to whom a request may be addressed can be ascertained on-line at the following address: http://www.elorge.admin.ch/

Official Language(s) (G=German F=French I=Italian)

| Canton | Language | Address | Phone/Fax |
|---|---|---|---|
| Aargau (AG) | G | Obergericht des Kantons Aargau Obere Vorstadt 40 5000 Aarau | tel.: +41.62-835.3850 fax: +41.62-835.3949 |
| Appenzell Ausserrhoden (AR) | G | Kantonsgericht Appenzell A.Rh. 9043 Trogen | tel.: +41.71-343.6399 fax: +41.71-343.6359 |
| Appenzell Innerrhoden (AI) | G | Kantonsgericht Appenzell I.Rh. 9050 Appenzell | tel.: +41.71-788.9551 fax: +41.71-788.9554 |
| Basel-Landschaft (BL) | G | Obergericht des Kantons Basel-Landschaft 4410 Liestal | tel.: +41.61-925.5111 fax: +41.61-925.6964 |
| Basel-Stadt (BS) | G | Appellationsgericht Basel-Stadt 4051 Basel | tel.: +41.61-267.8181 fax: +41.61-267.6315 |
| Bern (BE) | G/F | Justiz-, Gemeinde- und Kirchendirektion des Kantons Bern Münstergasse 2 3011 Bern | tel.: +41.31-633.7676 fax: +41.31-633.7626 |
| Fribourg (FR) | F/G | Tribunal cantonal 1700 Fribourg | tel.: +41.26-305.3910 fax: +41.26-305.3919 |

| Genève (GE) | F | Parquet du Procureur général 1211 Genève 3 | tel.: +41.22-319.2797 fax: +41.22-781.4365 |
| --- | --- | --- | --- |
| Glarus (GL) | G | Obergericht des Kantons Glarus 8750 Glarus | tel.: +41.55-645.2525 fax: +41.55-645.2500 |
| Graubünden (GR) | G | Justiz-, Polizei- und Sanitätsdepartement Graubünden 7001 Chur | tel.: +41.81-257.2121 fax: +41.81-257.2166 |
| Jura (JU) | F | Département de la Justice Service juridique 2800 Delémont | tel.: +41.32-421.5111 fax: +41.32-421.5555 |
| Luzern (LU) | G | Obergericht des Kantons Luzern Hirschengraben 16 6003 Luzern | tel.: +41.41-228.6262 fax: +41.41-228.6264 |
| Neuchâtel (NE) | F | Département de la justice, de la santé et de la sécurité Service de la justice Château 2001 Neuchâtel | tel.: +41.32-889.4110 fax: +41.32-889.6064 |
| Nidwalden (NW) | G | Kantonsgericht Nidwalden 6370 Stans | tel.: +41.41-618.7950 fax: +41.41-618.7963 |
| Obwalden (OW) | G | Kantonsgericht Obwalden Postfach 1260 6061 Sarnen | tel.: +41.41-666.6222 fax: +41.41-660.8286 |
| St. Gallen (SG) | G | Kantonsgericht St. Gallen Klosterhof 1 9001 St. Gallen | tel.: +41.71-229.3898 fax: +41.71-229.3787 |
| Schaffhausen (SH) | G | Obergericht des Kantons Schaffhausen Postfach 568 8201 Schaffhausen | tel.: +41.52-632.7422 fax: +41.52-636.7836 |

| Schwyz (SZ) | G | Kantonsgericht Schwyz 6430 Schwyz | tel.: +41.41-819.1124 |
|---|---|---|---|
| Solothurn (SO) | G | Obergericht des Kantons Solothurn 4500 Solothurn | tel.: +41.32-627.7311 fax: +41.32-627.2298 |
| Tessin (TI) | I | Tribunale di appello 6901 Lugano | tel.: +41.91-815.5111 fax: +41.91-815.5478 |
| Thurgau (TG) | G | Obergericht des Kantons Thurgau 8500 Frauenfeld | tel.: +41.52-722.3121 fax: +41.52-722.3125 |
| Uri (UR) | G | Landgericht Uri Am Rathausplatz 2 6460 Altdorf | tel.: +41.41-875.2244 fax: +41.41-875.2277 |
| Valais (VS) | F/G | Tribunal cantonal 1950 Sion | tel.: +41.27-322.9393 fax: +41.27-322.6351 |
| Vaud (VD) | F | Tribunal cantonal 1014 Lausanne | tel.: +41.21-316.1511 fax: +41.21-316.1328 |
| Zug (ZG) | G | Obergericht des Kantons Zug Rechtshilfe 6300 Zug | tel.: +41.41-728.3154 fax: +41.41-728.3144 |
| Zürich (ZH) | G | Obergericht des Kantons Zürich, Rechtshilfe 8023 Zürich | tel.: +41.1-257.9191 fax: +41.1-261.1292 |

**TURKEY:**
General Service of Civil Affairs
Ministry of Justice
Ankara, Turkey

(Adalet Bakanligi Hukuk Isleri Genel Mudurlugu, Ankara, Turkey)

**TURKS & CAICOS:**
The Registrar of the Supreme Court
Turks and Caicos Islands

*TUVALU:*
*Now Independent. No formal confirmation to depositary government that Convention applies. Former
Central Authority: Registrar of the High Court.*

**UKRAINE:**
Accession: February 1, 2001; Entry into Force: December 1, 2001.

Central Authority: Ministry of Justice of Ukraine. Seeking clarification regarding address and phone
number from Ukraine and the Hague Conference on Private International Law.

The instrument of accession of Ukraine contains the following declarations and reservations:

"1) on Article 2 of the Convention: the Ministry of Justice of Ukraine is the Central Authority of Ukraine;

2) on Article 6 of the Convention: the Ministry of Justice of Ukraine and its territorial departments of justice
are competent to complete the certificate of service;

3) on Article 8 of the Convention: service of judicial documents through diplomatic or consular agents of
another State within the territory of Ukraine may be effected only upon nationals of the State in which the
documents originate;

4) on Article 9 of the Convention: the Ministry of Justice of Ukraine is the authority competent to receive
documents transmitted by consular channels or, if exceptional circumstances so require, by diplomatic
channels;

5) on Article 10 of the Convention: Ukraine will not use methods of transmission of judicial documents
provided for in Article 10 of the Convention;

6) on Article 15 of the Convention: if all the conditions provided for in the second paragraph of Article 15 of
the Convention are fulfilled, the judge, notwithstanding the provisions of the first paragraph of Article 15 of
the Convention, may give judgment even if no certificate of service or delivery has been received;

7) on Article 16 of the Convention: application for relief will not be entertained in Ukraine if it is filed after
the expiration of one year following the date of the judgment."

**UNITED KINGDOM:**
Her Majesty"s Principal Secretary of State for
Foreign and Commonwealth Affairs
London SW1A 2AL

**For England and Wales:**
The Senior Master of the Supreme Court of Judicature
Royal Courts of Justice
Strand
London WC2A 2LL, United Kingdom

**For Scotland:**
By a Note of 21 March 2000, the British Government notified that, with effect from 1 April 2000, the
designated authority for Scotland will be:

The Scottish Executive Justice Department
Civil Justice and International Division
Hayweight House
23 Lauriston Street
Edinburgh, EH3 9DQ
Telephone: +44.131.221.6815

Fax: +44.131.221.6894

**For Northern Ireland:**
By a Note of 10 June 1980, the British Government notified that instead of the Registrar of the Supreme Court of Northern Ireland, designated in 1967 as the additional authority for Northern Ireland in conformity with Article 18 of the Convention, the Master (Queen"s Bench and Appeals) is designated as the said additional authority. The address of the Master (Queen"s Bench and Appeals) is Royal Courts of Justice, Belfast 1.

**VENEZUELA:**
Ministry of Foreign Affairs
Caracas, Venezuela

**REFERENCE**

"Checklist for the Discussions of the Special Commission of April 1989 on the Operation of the Hague Convention on the Service of Process Abroad", Preliminary Document No. 1 of March 1989, Hague Conference on Private International Law, 28 I.L.M. 1556 (1989).

"Report on the Work of the Special Commission on the Operation of the Service Convention", 17 I.L.M. 312, 312 (1978).

Practical Handbook on the Operation of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Hague Conference on Private International Law, Maarten Kluwer"s Internationale Uitgeversonderneming, Antwerp 1983. U.S. Distributor: Butterworth Publishers Inc., 10 Tower Office Park, Woburn, Boston, Massachusetts 01801. Contact U.S. Central Authority for addresses of other distributors.

Cumulative Digest of United States Practice in International Law, 1981-1988, Vol. II, Department of State, Office of the Legal Adviser, pp. 1530-1547 (1994).

Digest of United States Practice in International Law, 1976, Department of State, Office of the Legal Adviser, p. 307.

Digest of United States Practice in International Law, 1977, Department of State, Office of the Legal Adviser, pp. 477-490; pp. 501-504.

Digest of United States Practice in International Law, 1980, Department of State, Office of the Legal Adviser, p. 457.

Amram, "The Proposed International Convention on the Service of Documents Abroad", 51 A.B.A. J. 650 (1965).

Baeck & Ginsberg, "Service of Process Abroad", 4 Int"l. Law. 145 (1969).

Basarrate, Note: "International Service of Process: Reconciling the Federal Rules of Civil Procedure with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters", Vanderbilt Journal of Transnational Law", Vol. 22, No. 5, pp. 1071-1096 (1988).

Beucher & Sandage, "United States Punitive Damage Awards in German Courts: The Evolving German position on Service and Enforcement", Vanderbilt Journal of Transnational Law, Vol. 23, No. 5, pp. 967-991 (1991).

Boyd, "Contemporary Practice of the United States Relating to International Law - The Hague Service Convention", 72 American Journal of International Law, 130 (1978).

Downs, "Note: The Effect of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters", 1 Cornell Intl L. J., 125 (1969).

Epstein, International Litigation: A Guide to Jurisdiction, Practice and Strategy, 2nd, Prentice Hall Law & Business, 1994.

Gordon, Comment: "Service of Process by Registered Mail on a Japanese Defendant is Ineffective Under Article 10(a) of the Hague Convention of November 15, 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Bankston v. Toyota Motor Corp. 889 F. 2nd 172 (8th Cir. 1989)" Vanderbilt Journal of Transnational Law, Vol. 23, No. 4, pp. 851-869.

Horlick, "Service of Process and other Documents Abroad, American Bar Association, Problems in Transnational Litigation, 23 (1980).

Horlick, "A Practical Guide to Service of Process Abroad", 14 Int"l. Law. 637 (1980).

Hoyal, "The Hague Service Convention and Agency Concepts: Lamb v. Volkswagenwerk Aktiengesellschaft", Cornell International Law Journal, Vol. 20, pp. 391-412.

Leo, Note: "The Interplay Between Domestic Rules Permitting Service Abroad by Mail and the Hague Convention on Service: Proposing an Amendment to the Federal Rules of Civil Procedure", Cornell International Law Journal, Vol. 22, No. 2, pp. 335-370 (1989).

Miller and Pionk, "The practical aspects of litigating against foreign corporations", 54 Journal of Air Law and Commerce 123 (Fall 1988), esp. pp. 128-137.

Mitsui, "Ratification of Convention Relating to Civil Procedure on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters", 16 Japanese Annual Int"l. L. 7 (1972).

Nanda and Pansius, Litigation of International Disputes in U.S. Courts, Vol. 4, International Business and Law Series, (1996), Sec. 2.02(2), pp. 2-4 - 2-15.

Note, "Closing the Chasm of International Judicial Assistance: Extraterritorial Service of Documents, 12 How. L. J. 238 (1966).

Ristau, International Judicial Assistance (Civil and Commercial), International Law Institute (1984, supp. 1990, 1995).

Schwartz, "Obtaining Evidence Overseas: Discovery on Foreign Shores", 9 Family Advocate 28 (1987) [includes discussion of service abroad].

Vazquez, "Hague Service Convention - scope and application - role of internal law: Volkswagen Aktiengesellschaft v. Schlunk, 82 American Journal of International Law 816 (1988).

**ADDITIONAL INFORMATION** :

The Office of American Citizens Services has available general information flyers on international judicial assistance . These topics include country-specific information about service of process and obtaining evidence abroad.

**Using the Internet:** Many of our judicial assistance flyers are available on the Internet via the Department of State, Bureau of Consular Affairs home page . See also, the Department of State, Office of the Legal Adviser for Private International Law home page for information regarding the work of the Hague Conference on Private International Law. See also the home pages for many of our embassies . As noted above, the text of the Convention and updatedinformation concerning countries which have acceded to the Convention can be found in the Martindale-Hubbell Law Directory, Law Digest Volume .

**QUESTIONS** :

1. U.S. Central Authority: Additional questions regarding the operation of the Hague Service Convention should be addressed to the U.S. Central Authority, the Office of International Judicial Assistance, Civil Division, Department of Justice, tel: (202) 307-0983.

2. General questions may also be addressed to the appropriate geographic division of the Office of American Citizens Services, at telephone (202) 647-5225 or 202-647-5226.

Return to Judicial Assistance Page

1    PROOF OF SERVICE

2    STATE OF CALIFORNIA, COUNTY OF VENTURA

3         I am employed in the County of Ventura, State of California.  I am over the
     age of 18 and not a party to the within action; my business address is 699
4    Hampshire Road, Suite 105, Westlake Village, CA 91361-2379.

5         On , March 12, 2008, I served the foregoing document described as

6    **EX PARTE APPLICATION FOR ORDER PERMITTING
     SERVICE BY MAIL**

7    on the interested parties in this action by placing a true copy thereof enclosed in a
8    sealed envelope addressed as follows:

9
                            SEE ATTACHED MAILING LIST
10

11   [X]    (BY MAIL) I deposited such envelope in the mail at Westlake Village,
     California.  The envelope was mailed with postage thereon fully prepaid.
12
      I am readily familiar with the firm's practice of collection and processing
13   correspondence for mailing.  Under that practice it would be deposited with U.S.
     postage service on same day with postage thereon fully prepaid at Westlake
14   Village, California, in the ordinary course of business.  I am aware that on motion
     of the party served, service is presumed invalid if postal cancellation date or
15   postage meter date is more than one day after date of deposit for mailing in
     affidavit.
16
     [ ] (BY FACSIMILE) I caused such document to be sent via facsimile
17   transmission on this date during regular business hours to the addressee(s) as
     shown above. The facsimile machine utilized complies with California Rules of
18   Court 2003(3) and no error was reported by the machine. Pursuant to California
     Rules of Court 2008(4), I caused the machine to print a transmission record of the
19   transmission.

20   [ ]    (BY PERSONAL DELIVERY) I delivered such envelope by personal
     delivery to the offices of the addressee(s).
21
          Executed on March 12, 2008, at Westlake Village, California.
22
     [ ]    (State) I declare under penalty of perjury that the foregoing is true and
23   correct.

24   [XX]   (Federal) I declare that I am employed in the office of a member of the bar
     of this court at whose direction the service was made.
25

26                          _____
                            PHILIP D. DAPEER
27

28

---

**EX PARTE APPLICATION**

1    MAILING LIST

2        xx

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EX PARTE APPLICATION**